# MEMORANDA

# CASES NOT REPORTED IN FULL.

## DUDLEY S. GAUTIER, PLAINTIFF, *v.* DOUGLAS MANU-FACTURING COMPANY, DEFENDANT.

*Practice —modification of a judgment by the General Term so as to send the case back to a referee to consider one particular subject—a motion to confirm the report should be made at Special Term, and not at the General Term.*

MOTION for the confirmation of a referee's report, and for judgment thereon.

The court at General Term said: "When this case was here on the appeal from the judgment this court held that the court below had erred in respect of a single question of the case, to wit, in the exclusion of evidence concerning the quality of steel furnished by the plaintiff. The court below held that if that were an open question, it should go back to the referee for determination, but it also held that the defendants were estopped from questioning the value of the steel under the circumstances of the case. This court held that it was an open question, and should have been sent back to the referees for trial. The judgment was therefore modified by sending that branch of the case to the referee for further determination. (13 Hun, 514, *et sequenda.*) Under our judgment the question has been tried by the referees, and a report made and filed by which they find, as matter of fact, that the steel used and furnished was not defective or of bad quality, and was worth the amount claimed; and that the same was suitable and was used for the manufacture of goods; and they report, as a conclusion of law, that the defendants are not entitled to any deduction from the amount of said judgment upon the said defense set forth in their answers.

"The only question arising upon this motion is, whether the application for judgment upon the report should be made at this court or at Special Term. We are of opinion that it should be made at Special Term. The effect of the decision of this court

upon the appeal and the modification of the judgment was, we think, precisely the same as though the Special Term had decided as this court did in respect of the right to try the question as to the quality of the steel, and had sent back the report to the referees for their further action upon that question. Upon the motion for confirmation in the Special Term, the defendants will be in condition to present, in such manner as they shall be advised, any question that arose before the referees, or which may properly arise upon their findings of fact and conclusion of law, and the action of the Special Term upon those questions may then be reviewed by this court. There is nothing to show what those questions may be; but as it is quite probable the case may be presented to the court of last resort for final review, we think the only regular mode of procedure is to direct that the motion be made at Special Term which will put the case in a position where the defendants can by appeal bring up any questions that arise upon the hearing of the issue sent back to the referees preparatory to the final appeal.

"The motion should be denied, but without costs and without prejudice to any motion for confirmation to be made at Special Term."

*J. E. Parsons*, for the plaintiff.

*Marsh, Wilson & Wallis*, for the defendant.

Opinion by DAVIS, P. J.; BRADY and DANIELS, JJ., concurred.

Motion denied, without costs and without prejudice to motion for confirmation and judgment to be made at Special Term.